UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN M. JANSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-02439-JRS-DLP |
| | ) |
| BIG CICERO CREEK JOINT DRAINAGE | ) |
| BOARD, et al., | ) |
| | ) |
| Defendants. | ) |

**Order**

The following are before the Court: (1) Motion to Dismiss by Defendants Christopher B. Burke Engineering, LLC and Siavash Beik (ECF No. 17); (2) Motion to Deem All Parties Served (ECF No. 19); (3) Defendants' Motion to Dismiss (ECF No. 23); Plaintiff's Motion to Dismiss (ECF No. 26); and (3) Notice of Dismissal (ECF No. 27).

In August 2018, Plaintiff John M. Janson filed this action asserting claims against the Big Cicero Drainage Board, Christopher B. Burke Engineering, LLC, Siavesh Beik, Don Havens, and Wyatt Johnson. On November 27, 2018, Defendants Christopher B. Burke Engineering, LLC and Siavash Beik (the "CBBEL Defendants") filed a Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Their supporting brief argued, among other things, that Plaintiff's requested prospective relief for "an order enjoining the Big Cicero [which is defined to include all the defendants] from any further interference with Janson and development projects associated with Janson," (see Compl. 2, 28, ECF No. 1),

violates Indiana's Anti-SLAPP statute, Indiana Code § 34-7-7-1 to -10, (Brief Supp. Mot. Dismiss 11–13, ECF No. 17-1). A "SLAPP" is a "strategic lawsuit against public participation." *Nixon v. Haag*, No. 1:08-cv-00648-LJM-JMS, 2009 WL 2026343, at *1 n.1 (S.D. Ind. July 7, 2009) (quoting *Shepard v. Schurz Commc'ns, Inc.*, 847 N.E.2d 219, 221 (Ind. Ct. App. 2006)). Then, on December 21, 2018, Plaintiff filed his Motion to Dismiss All Parties Without Prejudice. (ECF No. 26.) Days later, he filed his Notice of Dismissal stating that he "voluntarily dismisses, without prejudice" all claims stated against all Defendants. (ECF No. 27.)

The CBBEL Defendants object to a dismissal without prejudice, arguing that a dispositive motion is pending that precludes Plaintiff's voluntary dismissal. The other defendants in this action have not responded to Plaintiff's motion.

Under Federal Rule of Civil Procedure 41(a), a plaintiff may dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Such dismissal is without prejudice "[u]nless the notice . . . states otherwise." Fed. R. Civ. P. 41(a)(1)(B). A plaintiff's right to dismiss his action voluntarily under Rule 41(a)(1) is "absolute, as Rule 41(a)(1) and the cases interpreting it make clear, until, as the rule states, the defendant serves an answer or a motion for summary judgment." *Marques v. Fed. Reserve Bank of Chi.,* 286 F.3d 1014, 1017 (7th Cir. 2002) (citations omitted).

Plaintiff first filed a motion to dismiss all claims in this action without prejudice under Rule 41(a)(1)(A)(i), seeking a court order of dismissal. After filing that motion,

2

he filed a Notice of Dismissal under Rule 41(a)(1)(A)(i), purporting to dismiss all defendants without prejudice. No defendant had filed an answer or motion for summary judgment before the Notice of Dismissal was filed.

The CBBEL Defendants contend that a dismissal should be with prejudice because a dispositive motion is pending. Since their motion to dismiss asserts a defense under Indiana's Anti-SLAPP statute, the CBBEL Defendants argue that their motion should be treated as a dispositive motion under Indiana law. (Defs.' Resp. 2 (citing Ind. Code § 34-7-7-9), ECF No. 28.) However, this federal court applies federal procedural law. *See* Fed. R. Civ. P. 1. Indiana's treatment of a motion to dismiss as a motion for summary judgment under the Anti-SLAPP statute, Ind. Code § 34-7-7-9(a)(1), may conflict with the federal procedural rule that permits treating a Rule 12(b)(6) motion to dismiss as a motion for summary judgment if "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). Here, while the CBBEL Defendants' motion to dismiss references matters outside the pleadings, the Court has not "actually consider[ed]" those matters, and the motion has not been converted to a motion for summary judgment. Therefore, the CBBEL Defendants' motion is not treated as a motion for summary judgment. *See Marques*, 286 F.3d at 1017.

Plaintiff's right to dismiss this action under Rule 41(a)(1) is absolute. His motion to dismiss was unnecessary. However, it is unclear whether the Notice of Dismissal operates to dismiss all defendants with prejudice or without. Rule 41(a) provides that "if the plaintiff previously dismissed any . . . action based on or including the same

3

claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). The CBBEL Defendants argue that Plaintiff previously dismissed a state-court action based on or including the same claims made against them in this case (Resp. Opp'n 3, ECF No. 28), but the record shows only that in that other case, which Plaintiff agrees was "a variation of this case," that there was a conflict and "an order was granted dismissing the suit with prejudice." (Resp. Opp'n 3, ECF No. 28; Motion to Deem All Parties Properly Served 1, ECF No. 19.) The record does not establish that Plaintiff dismissed the suit. Yet, Plaintiff did not refute the CBBEL Defendants' assertion that he had previously dismissed that state-court action. Since these defendants raised the argument that the dismissal should be "with prejudice" because Plaintiff had previously dismissed that state-court action, if he had not dismissed that other action, one would expect him to reply and say so, with supporting documentation.

## Conclusion

For the foregoing reasons, the Court **directs** the Clerk of Court to **dismiss this action** under Fed. R. Civ. P. 41(a)(1), subject to Plaintiff showing within thirty (30) days of this date that dismissal should be without prejudice. All pending motions (ECF Nos. 17, 19, 23, 26) are **denied as moot**.

**SO ORDERED.**

9/26/2019

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

4

Distribution:

JOHN M. JANSON
830 West High Street
South Hill, VA 23970

Matthew L. Hinkle
COOTS HENKE & WHEELER
mhinkle@chwlaw.com

John Vincent Maurovich
COOTS, HENKE & WHEELER
jmaurovich@chwlaw.com

Patrick James Olmstead, Jr.
PATRICK OLMSTEAD LAW, LLC
polmstead@patrickolmsteadlaw.com